UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DACEAN STEPHEN THOMAS,              :
                                    :
          Petitioner,               :   Civ. No. 16-685 (NLH)
                                    :
     v.                             :   OPINION
                                    :
WARDEN,                             :
                                    :
          Respondent.               :
_____ :

APPEARANCES:
Dacean Stephen Thomas, #471709D/859610
South Woods State Prison
215 South Burlington Rd.
Bridgeton, NJ 08302
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Dacean Stephen Thomas, a pretrial detainee confined at the South Woods State Prison in Bridgeton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his detention.  He submits an application to proceed in forma pauperis which the Court finds to be complete.  At this time the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  See also 28 U.S.C. § 2243.  For the reasons set forth below, the Petition will be dismissed without prejudice.

I.   BACKGROUND

Petitioner provides very little information in his Petition. He indicates that he is pretrial detainee being held by state authorities, and that he "[s]till ha[s]n't been formally charged in front of a judge." (Pet. 2, ECF No. 1). Petitioner states that he is challenging a detainer with case number "66698-050" which was issued on June 5, 2014. (Pet. 3, ECF No. 1).[1] In terms of relief, Petitioner states, "I would like the Court to supply me with any papers on my case and/or bring me before a judge with a lawyer." (Pet. 9, ECF No. 1).

These few pieces of information represent the entirety of the Petition.

II.   STANDARD FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to

---

[1] In the section of the Petition which asks Petitioner to provide more information about the decision or action he is challenging, he provides "US District Court Camden" as the location of the agency or court. (Pet. 3, ECF No. 1). However, Petitioner has plainly indicates that he is being held by state authorities. Therefore, the Court does not construe the Petition as alleging that the United States District Court located in Camden, New Jersey issued the decision or action Petitioner is challenging by way of this Petition. Rather, Petitioner seems to misunderstand the question, and reports in this section that he is challenging a state decision or action by filing the instant Petition with the United States District Court located in Camden, New Jersey.

> show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held:

3

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore, 515 F.2d at 443; see also Kern v. Owens, No. 15-1099 JBS, 2015 WL 1622015, at *2-3 (D.N.J. Apr. 9, 2015).

With this framework in mind, the Court now looks to the Petition to determine whether pre-trial federal habeas corpus jurisdiction is appropriate in this case. The Court determines that it is not.

As an initial matter, the precise contours of Petitioner's argument are unclear. Petitioner does not explain exactly how he believes the state court has violated his constitutional rights. Moreover — whatever the substance of his argument or arguments — Petitioner provides no information to suggest that he raised his arguments before the state court and exhausted his state court remedies. See Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992) (holding that, in order to be deemed exhausted, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court.").

4

Without exhaustion, this Court should only exercise pretrial habeas jurisdiction where "extraordinary circumstances" are present. See Moore, 515 F.2d at 443. Because the Petition is devoid of information, Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims.

Because Petitioner failed to allege that he has exhausted his state remedies on the merits, and failed to present an "extraordinary circumstance" which would warrant pre-trial, pre-exhaustion habeas corpus relief, the Petition will be dismissed without prejudice. See Moore, 515 F.2d at 447.

Finally, as set forth above, Petitioner asks the "Court to supply [him] with any papers on [his] case and/or bring [him] before a judge with a lawyer." (Pet. 9, ECF No. 1). To the extent Petitioner seeks a writ of mandamus, pursuant to 28 U.S.C. § 1361, and requests that this Court compel the state court to provide him with the paperwork, judicial hearing, and attorney he seeks, this Court is without jurisdiction to do so. See Burns v. New Jersey, No. 09-5646, 2010 WL 2696403 (D.N.J. July 1, 2010) ("[S]ection 1361 does not confer on the district court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's

5

court.") (citing <u>Urich v. Diefenderfer</u>, No. 91-0047, 1991 WL 17820 (E.D.Pa. Feb. 11, 1991)).

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and jurists of reason

would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.[2]

## V.  CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has failed to invoke this Court's pre-trial federal habeas corpus jurisdiction because he has not shown that he has exhausted his available state court remedies, nor has he alleged facts sufficient to excuse failure to exhaust.  Therefore, the Court will dismiss the Petition without prejudice.

An appropriate Order will follow.


　　　　　　　　　　　　　　　　　　___s/ Noel L. Hillman_____
　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: February 26, 2016

At Camden, New Jersey

---

[2] Although the instant Petition seeking pretrial habeas relief is appropriately characterized as a habeas petition under 28 U.S.C. § 2241(c)(3), a certificate of appealability is still required because the final order in this habeas proceeding denies relief from a "detention complained of aris[ing] out of process issued by a State Court." 28 U.S.C. § 2253(c)(1)(A). See, e.g., Morales v. New Jersey, No. 07-5748, 2007 WL 4440053, at *4 n.3 (D.N.J. Dec. 14, 2007).