UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
STEPHEN DACEAN THOMAS,             :
                                   :
        Petitioner,                :    Civ. No. 16-685 (NLH)
                                   :
    v.                             :    MEMORANDUM OPINION & ORDER
                                   :
UNITED STATES,                     :
                                   :
        Respondent.                :
_____:

APPEARANCES:
Stephen Thomas, #471709D/859610
South Woods State Prison 4-1-R 1037UP
215 S. Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

Elizabeth Ann Pascal, Esq.
U.S. Department of Justice
Office of the U.S. Attorney
401 Market St.
P.O. Box 2098
Camden, NJ 08101
    Counsel for Respsondent


HILLMAN, District Judge

    This matter is presently before the Court upon receipt of a letter from Respondent. (ECF No. 6). For the reasons set forth below, the Petition will be dismissed as moot.

    The procedural history of this case is set forth in this Court's May 18, 2016 Memorandum Opinion and Order (ECF No. 4) and need not be repeated in detail here. In relevant part,

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of a federal detainer lodged against him.  In the May 18, 2016 Order, the Court substituted the United States as the Respondent and required a response from the United States Attorney's Office.

In a letter dated June 29, 2016, Respondent submitted a letter indicating that the detainer challenged in the instant Petition was, in fact, lodged against Petitioner in error. (ECF No. 6).  Respondent further indicates that the detainer was subsequently removed from Petitioner's record, and counsel attaches a declaration and exhibits in support of this contention. (ECF Nos. 6-1, 6-2).

Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L.Ed.2d 400 (1990).  "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome[,]" a case is moot. Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010) (quotations and citations omitted).  "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Id.

That is precisely the scenario presented in this case. Because Petitioner has received the relief he requested in his Petition, the Court is unable to grant meaningful relief, and the case must be dismissed as moot. See id., see also Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014) (remanding to district court with instructions to dismiss the case as moot because court was unable to grant any meaningful relief); Joseph v. Johns, No. 04-139J, 2005 WL 3447932, at *2 (W.D. Pa. Oct. 24, 2005), report and recommendation adopted, No. CIV.A. 04-139J, 2005 WL 3447933 (W.D. Pa. Dec. 14, 2005) ("Where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed."). Therefore,

IT IS on this   30th   day of   June  , 2016,

ORDERED that the Petition shall be DISMISSED as moot; and it is further

ORDERED that the Clerk of the Court shall close the Court's file in this matter; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

      s/ Noel L. Hillman      
NOEL L. HILLMAN
United States District Judge

Camden, New Jersey